UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDDIE SANDERS, | ) | |
| Petitioner, | ) | 3:06-cv-0064-RCJ-RAM |
| vs. | ) | |
| | ) | ORDER |
| LENARD VARE, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Eddie Sanders, a Nevada prisoner. The action comes before the court with respect to its merits. The court will deny the petition.

**I. Procedural History**

On December 21, 2000, petitioner was charged by amended information in the Eighth Judicial District Court for Clark County with first degree kidnaping (count I), sexual assault with the use of a deadly weapon (count II), attempted sexual assault with the use of a deadly weapon (count III), battery with intent to commit a crime (count IV), and battery with the use of a deadly weapon with

substantial bodily harm (count V). Exhibit 6.[1] A jury trial was held between July 15, 2001, and July 17, 2001. Exhibits 15, 18, 19, and 20. The jury convicted petitioner of the crimes as charged. Exhibit 22. A sentencing hearing was held on September 5, 2001. Exhibit 23. The trial court sentenced petitioner to life imprisonment with parole eligibility in five year for count I, to life imprisonment with parole eligibility in ten years, with an equal and consecutive sentence for the use of a deadly weapon for count II, to 190 months in prison with parole eligibility in 43 months, with an equal and consecutive sentence for the use of a deadly weapon for count III, to 156 months in prison with parole eligibility in 35 months for count IV, and to 156 months in prison with parole eligibility in 35 months for count V. Exhibit 23. Counts I, II, and III are to run consecutively to each other. *Id.*

A judgment of conviction was entered on September 18, 2001. Exhibit 24. Petitioner appealed, alleging (1) the prosecutor committed misconduct when he published prejudicial photographs of the victim during opening argument and (2) the evidence was insufficient to demonstrate petitioner had committed the charges crimes beyond a reasonable doubt. Exhibits25 and 30. The Nevada Supreme Court affirmed the judgment of conviction. Exhibit 34. Remittitur issued on May 18, 2004. Exhibit 36.

Petitioner filed a state habeas corpus petition on September 23, 2004. Exhibit 37. Petitioner alleged: (1) trial counsel was ineffective for failing to object to the jury, which was not a fair cross-section of the community and had only white members, and (2) the jury pooling process relied upon in Clark County is fundamentally flawed and lacks racial neutrality. *Id.* The state district court denied the petition. Exhibit 43. Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's denial. Exhibits 44 and 47. Remittitur issued on May 19, 2005. Exhibit 49.

Petitioner then filed a second habeas corpus petition with the state district court on May 23, 2005, reiterating the grounds raised on direct appeal and in his first habeas corpus petition, and raising new grounds for relief. Exhibit 50. The state district court denied petitioner's motion for

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by petitioner in support of his first amended habeas corpus petition, and are located in the record at docket #21, #22, and #23.

appointment of counsel. Exhibit 54. Petitioner filed a supplemental memorandum which added seven grounds for relief. Exhibit 57. The trial court denied petitioner's second habeas corpus petition finding it was successive. Exhibit 61. Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's denial of the second habeas petition, noting the second petition was untimely filed and successive. Exhibits 59 and 62. Remittitur issued on February 7, 2006. Exhibit 64.

Petitioner mailed a federal habeas corpus petition to this court on February 2, 2006 (docket #8). This court appointed counsel to represent petitioner (docket #8). Counsel then filed a first amended petition for writ of habeas corpus (docket #20). Respondents moved to dismiss the petition, arguing several of the grounds were procedurally defaulted (docket #28). This court granted the motion to dismiss on June 23, 2009, and dismissed grounds three, four, five, six (a), and six (c)-(g) as procedurally defaulted (docket #36). Respondents have answered the remaining claims (docket #37), and petitioner has filed a reply (docket #38).

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). A state court

3

decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The unreasonable application clause "requires the state court decision to be more than incorrect or erroneous"; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409). *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004). In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc).

**III. Discussion**

**A. Ground One**

In his first ground for relief petitioner alleges that his rights to due process and a fair trial under the Sixth and Fourteenth Amendments were violated when the prosecutor improperly published prejudicial photographs of the complaining witness during opening statements.

Petitioner raised the instant claim in his direct appeal, and the Nevada Supreme Court rejected this claiming, stating:

> Appellant next contends that he was denied the right to a fair trial by prosecutorial misconduct committed when the prosecutor published an allegedly inflammatory and prejudicial photograph of the injured victim to the jury during the opening statement. Preliminarily, we note that a trial, defense counsel failed to object to the publication or the subsequent admission of the photograph into evidence. As a general rule, failure to

4

> object below bars appellate review; however, this court may address plain error or issues of constitutional dimension sua sponte. [fn 4: *See Emmons v. State*, 107 Nev. 53, 60-61, 807 P.2d 718, 723 (1991), *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 13 P.3d 420 (2000).]
>
> We conclude that there is no plain or constitutional error because appellant was not prejudiced by the publication of the photograph during the prosecution's opening statement. This court has recognized that a photograph is admissible if its probative value outweighs its prejudicial effect. [fn 5: *Shuff v. State*, 86 Nev. 736, 740, 476 P.2d 22, 24-25 (1970).] Here, the photograph was substantiated by the evidence and, eventually, was admitted into evidence at trial. To the extent that appellant argues that the district court abused its discretion in admitting the photograph, we reject that contention. The photograph was relevant to establishing the battery offenses and the extent of the victim's injuries, was verified by testimony as a fair and accurate depiction of the injured victim, and again, was never objected to at trial by the defense.

Exhibit 34. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

Claims of error from an allegedly erroneous admission of photographs will not normally state a federal claim, however, a claim of violation of due process may arise from the introduction of gruesome photographs of the victim. *See Butcher v. Marquez*, 758 F.2d 373 (9th Cir. 1985); *Batchelor v. Cupp*, 693 F.2d 859 (9th Cir. 1982). A federal court will not reverse a state court's admission of photographs unless the admission of evidence so infects the trial with unfairness as to render the verdict a denial of due process. *See Romana v. Oklahoma*, 512 U.S. 1, 12 (1994); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1032 (9th Cir. 1997) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). *See also Butcher*, 758 F.2d at 373; *Batchelor*, 693 F.2d at 865. Admission of photographs at trial rests largely within the discretion of the trial court. 758 F.2d at 865.

In the instant case, this court cannot say that the introduction of photographs of the victim so infected the trial with unfairness as to render the verdict a denial of due process. First, it must be noted that no photographs were introduced into evidence during the prosecutor's opening statements. Exhibit 18, T 8. However, a photograph of the victim's injuries was published to the jury during opening argument. *Id.* Later in the trial the court allowed several photographs to be introduced as evidence, and

5

Marian Adams, the registered sexual assault nurse that examined the victim, explained the injuries the victim had upon arriving at the hospital. *Id.* at T 30-35. Although petitioner contends that the photographs were not relevant to the issues at trial, because petitioner never contested that the victim suffered injuries, the photographs were relevant and admissible, especially to show that the battery with the use of a deadly weapon with substantial bodily harm occurred. The Nevada Supreme Court determined that these photographs were used to show injuries that occurred, and to prove the battery offenses, and did not prejudice the jury and thus make the verdict unreliable. The factual findings of the state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The Court will deny habeas relief with respect to ground one.

**B. Ground Two**

In ground two petitioner contends that his right to due process under the Fifth and Fourteenth Amendments was violated because the evidence produced at trial was insufficient to support the kidnapping, sexual assault, attempted sexual assault, and battery convictions.

Petitioner argued this ground in his direct appeal, and the Nevada Supreme Court determined that the instant claim was without merit, stating:

> Appellant contends that the evidence presented at trial was insufficient to support the jury's findings of guilt on the charges. Appellant asserts that the victim was involved in a violent relationship, displayed many attributes of a battered woman, and made inconsistent statements regarding important aspects of the crimes. These factors, appellant argues, coupled with a lack of physical evidence supporting the victim's testimony, "presents a credibility issue such that a rational juror could not have found guilt beyond a reasonable doubt." We disagree.
>
> First, appellant challenges the sufficiency of the evidence supporting the kidnapping charge on the grounds that there were no photographs or physical evidence corroborating the victim's testimony that appellant dragged the victim into the desert. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. [fn 1: *See Wilkins v. State*, 96 Nev. 367, 609 P.2d 309 (1980); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).] In particular, the victim testified that she and appellant had walked into the desert together with a case of Budweiser beer, and that when the victim stopped to smoke a cigarette, appellant hit her in the face "real hard" with his hand. The victim further testified that when she attempted to escape from appellant by running into the middle of a nearby road, appellant grabbed her by her

clothing and dragged her back into the desert where he battered and sexually assaulted her. It is for the jury to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. [fn 2: *See Bolden v. State*, 97 Nev. 71, 624 P.2d 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).] The jury could have reasonably inferred from the evidence presented that appellant kidnapped the victim. Accordingly, we reject appellant's challenge to the sufficiency of the evidence supporting the kidnapping conviction.

Second, appellant contends that the evidence was insufficient to support the jury's finding of guilt on the counts of attempted sexual assault with the use of a deadly weapon and sexual assault with the use of a deadly weapon. Appellant argues that the sexual assault nurse's examination of the victim was inadequate, and that no physical evidence of sexual assault was produced at trial. The victim testified at trial, however, that after appellant had dragged her back into the desert, he her in the forehead with a rock, tore off all of her clothes, and after unsuccessfully attempted to penetrate her with his penis, he penetrated her digitally several times. The crime scene analyst subsequently testified that she observed and photographed a torn brassiere, panties, and several blood-spattered rocks at the crime scene.

Although the medical examination revealed no conclusive physical evidence of a sexual assault, the examining nurse testified to the effect that forty percent of the time there is no evidence of trauma from vaginal penetration. Moreover, the victim's uncorroborated testimony alone would have been sufficient to prove that attempted sexual assault with the use of a deadly weapon and sexual assault with the use of a deadly weapon had occurred. [fn 3: *See Washington v. State*, 112 Nev. 1067, 1073, 922 P.2d 547, 551 (1996) (citing *Deeds v. State*, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981)).] Appellant's challenge to the sufficiency of the evidence supporting these convictions is without merit.

Third, appellant contends that the evidence was insufficient to support the jury's finding of guilt on the charges of battery with intent to commit a crime and battery with the use of a deadly weapon causing substantial bodily harm. Appellant tried to argue that (1) the victim's testimony was unreliable because she was financially dependent on her abusive live-in boyfriend, Dennis Williams, who "[i]n all probability" caused her injuries, (2) the crime scene investigation was inadequate because no drag marks or shoeprints were recovered, (3) there was insufficient evidence that a deadly weapon was used in the course of a battery because the rock was not impounded from the crime scene, and (4) the latent print examiner made no attempt to match two fingerprints found on the Coors beer cans.

The victim and Williams both testified, however, that the victim and appellant left Williams' apartment together when Williams came home from work. As noted, the victim testified that after walking into the desert with appellant, appellant hit her in the face with his hand while she was smoking and subsequently hit her on left side of her forehead with a rock.

7

> Photographs taken of the victim immediately after the incident and the testimony of the examining nurse confirmed the recent injuries to the victim's face and the left side of her forehead.
>
> Additionally, the testimony of the crime scene investigator and photographs and the scene confirmed blood-spattered rocks, a cigarette butt, and a Budweiser and Coors beer cans were found at the crime scene. The latent print examiner testified that the two fingerprints found on the Coors beer cans had no value for identification, but that appellant's fingerprint was identified on one of the Budweiser beer cans. Although the victim and Williams testified that they had been involved in violent domestic disputes with each other in the past, both of them testified that Williams was not the perpetrator in the instant case.
>
> We conclude that the jury could have reasonably inferred from this evidence that appellant committed the crimes of battery with the intent to commit a crime and battery with the use of a deadly weapon causing substantial bodily harm. Accordingly, we reject appellant's challenge to the sufficiency of the evidence supporting these charges.

Exhibit 34. The Nevada Supreme Court's determination was not objectively unreasonable.

The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*). The credibility of witnesses is beyond the scope of the court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

This court agrees with the conclusion of the Nevada Supreme Court. The court has reviewed the state court record, including trial testimony and evidence, and finds that the Nevada Supreme Court applied the correct standard to the facts of the case. The court was reasonable in

8

sustaining petitioner's convictions of kidnapping, sexual assault with the use of a deadly weapon, attempted sexual assault with the use of a deadly weapon, battery with intent to commit a crime and battery with the use of a deadly weapon with substantial bodily harm. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Furthermore, the issue of credibility of witnesses is beyond the scope of review of this court. *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The court will deny habeas relief as to ground two.

**C. Ground Six**

In ground six (b) petitioner contends that trial counsel was ineffective for failing to object to the jury selection process and the racial composition of the jury panel. Petitioner states that the jury lacked diversity due to Clark County's jury selection process. The claim relating to Clark County's jury selection process, ground three, was found to be procedurally defaulted.

Petitioner raised the instant claim in his state habeas corpus petition, and the Nevada Supreme Court affirmed the lower court's denial of this claim on appeal, stating:

> Appellant claimed that his counsel was ineffective for failing to object to his having an all white jury. Appellant argued that an all white jury may not have been impartial. This claim lacks merit. During the jury voir dire all impaneled jurors indicated that they could and would be impartial. Appellant failed to demonstrate that his counsel was deficient in this regard. Accordingly, the district court did not err in denying this claim.
>
> Appellant further claimed that his counsel was ineffective for failing to raise the object that an all white jury did not represent a fair cross-section of the community. Appellant failed to demonstrate that such an objection would have succeeded or altered that outcome of his trial.
>
> The defendant bears the burden of demonstrating a prima facie violation of the fair-cross-section requirement. To demonstrate a prima facie violation, the defendant must show: "(1) that the group alleged to be excluded is a '*distinctive*' *group* in the community; (2) that the

9

> *representation of this group in venires* from which juries are selected *is not fair and reasonable* in relation to the number of such persons in the community; and (3) that this underrepresentation is *due to systematic exclusion* of the group *in the jury-selection process*." [fn 4: *Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)) (emphasis in original).]
>
> Appellant failed to allege sufficient facts to support his claim that his counsel was ineffective for failing to demonstrate a prima facie violation of the fair-cross-section requirement. [fn 5: *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).] Accordingly, we conclude that the district court did not err in denying this claim.

Exhibit 47. The Nevada Supreme Court's determination was not an objectively unreasonable application of federal law, as determined by United States Supreme Court precedent. Petitioner's claim that the Clark County jury selection process is improper has been defaulted, so the facts that petitioner raises relating to Clark County's jury selection process will not be considered, as they were not raised in the trial court. Even if the court did consider the facts relating to the defaulted claim, the court still would not grant relief.

As the state court noted, to establish a prima facie violation of the fair-cross-section requirement, a defendant must "show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Petitioner is an African-American, and argues that African-Americans were under-represented in the venire. "The Sixth Amendment requirement of a fair cross section on the venire is a means of assuring, not a *representative* jury (which the Constitution does not demand), but an *impartial* one (which it does)." *Holland v. Illinois*, 493 U.S. 474, 480 (1990) (emphasis in original).

Petitioner states that he was convicted by an all-white jury that was chosen from a venire comprised of only one black women. In order to support his claim and show that the exclusion was

systematic, petitioner includes in his exhibits to this court a 1993 Jury Composition Preliminary Study from the Eighth Judicial District Court. Exhibit 65. Petitioner has not provided statistics for the jury selection process from when the venire pool in Clark County was selected prior to his trial in July 2001. Petitioner has not provided the court with statistics to determine the absolute disparity in this case, as petitioner only presents evidence regarding representation of black individuals on the particular panel from which his jury was chosen and not from all of the venires in July 2001 or from a master jury list. *See Thomas v. Borg*, 159 F.3d 1147 (9th Cir. 1998).

The court also notes that there is no indication that this 1993 study was ever presented to the state courts, and places this claim in a significantly different posture than it was in the state court. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). Moreover, petitioner has not shown that this court should expand the record because he diligently attempted to develop the factual basis of this claim in the state court. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (an expansion of the record requires a showing under 28 U.S.C. § 2254(e)(2)). Section 2254(e)(2) states that if a petitioner has failed to develop the factual basis of a claim in the state court, a petitioner must show that (1) the claim relies on a new constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

Even if trial counsel could be considered ineffective for failing to object to the jury selection process, thus perhaps preserving statistical evidence of the panels in Clark County at the time the jury was selected, petitioner cannot show that counsel's alleged deficiency prejudiced the outcome of the trial. Petitioner has not demonstrated that even with a representative venire that his jury panel would have contained black individuals or that a jury containing African-American individuals would not have convicted him of the crimes charged. While petitioner states that the all-white jury convicted him, a black male, of sexually assaulting and battering a white woman, petitioner fails to note that there was a significant amount of evidence to show that the petitioner committed the crimes.

The court will deny ground six (b).

## IV. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. Accordingly, the court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the first amended petition for a writ of habeas corpus (docket #20) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

. . .

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this 17th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE